IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 4:22-CV-48

| | |
|---|---|
| JACK ANTHONY WILLIAMS,<br><br>     Plaintiff,<br><br>v.<br><br>SIG SAUER, INC. AND WINTRODE<br>ENTERPRISES, INC.,<br><br>     Defendants. | **WINTRODE ENTERPRISES, INC.'S<br>ANSWER TO PLAINTIFF'S<br>COMPLAINT** |

NOW COMES the Defendant, Wintrode Enterprises, Inc. (hereinafter "Wintrode"), by and through undersigned counsel and hereby responds to the allegations of Plaintiff's Complaint as follows:

## NATURE OF ACTION

1.      The allegations contained in Paragraph 1 of Plaintiff's Complaint are denied.

2.      The allegations contained in Paragraph 2 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

3.      The allegations contained in Paragraph 3 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

4.      The allegations contained in Paragraph 4 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

5.      The allegations contained in Paragraph 5 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations

contained in Paragraph 5 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint are denied.

## JURISDICTION

7. Wintrode admits that it is incorporated in and maintains its principal place of business in the Commonwealth of Virginia. The allegations in Paragraph 7 of Plaintiff's Complaint otherwise assert legal conclusions not interpreted to require a response. To the extent the allegations contained in Paragraph 7 of Plaintiff's Complaint are construed to contain factual allegations related to and requiring a response from Wintrode, they are denied.

8. The allegations in Paragraph 8 of Plaintiff's Complaint assert legal conclusions not interpreted to require a response. To the extent the allegations contained in Paragraph 8 of Plaintiff's Complaint are construed to contain factual allegations related to and requiring a response from Wintrode, they are denied.

9. The allegations in Paragraph 9 of Plaintiff's Complaint assert legal conclusions not interpreted to require a response. To the extent the allegations contained in Paragraph 9 of Plaintiff's Complaint are construed to contain factual allegations related to and requiring a response from Wintrode, they are denied.

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 10 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

11. The allegations in Paragraph 11 of Plaintiff's Complaint assert legal conclusions not interpreted to require a response. To the extent the allegations contained in Paragraph 11 of

2

Plaintiff's Complaint are construed to contain factual allegations related to and requiring a response from Wintrode, they are denied.

## VENUE

12.     The allegations in Paragraph 12 of Plaintiff's Complaint assert legal conclusions not interpreted to require a response. To the extent the allegations contained in Paragraph 12 of Plaintiff's Complaint are construed to contain factual allegations related to and requiring a response from Wintrode, they are denied.

## PARTIES

13.     The allegations contained in Paragraph 13 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

14.     The allegations contained in Paragraph 14 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 14 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

15.     The allegations contained in Paragraph 15 of Plaintiff's Complaint are admitted.

## STATUTES OF LIMITATIONS & REPOSE

16.     The allegations in Paragraph 16 of Plaintiff's Complaint assert legal conclusions not interpreted to require a response. To the extent the allegations contained in Paragraph 16 of Plaintiff's Complaint are construed to contain factual allegations related to and requiring a response from Wintrode, they are denied.

17.     The allegations in Paragraph 17 of Plaintiff's Complaint assert legal conclusions not interpreted to require a response. To the extent the allegations contained in Paragraph 17 of

3

Plaintiff's Complaint are construed to contain factual allegations related to and requiring a response from Wintrode, they are denied.

## **PRIOR CLASS ACTION SETTLEMENT**

18.     The allegations contained in Paragraph 18 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 18 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 19 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

## **ALLEGATIONS**

20.     Wintrode repeats and reincorporates by reference its responses contained in Paragraphs 1-19 above as if expressly set forth herein.

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

24.     The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

26.     The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

27.     The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

28.     The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied.

32.     The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

33.    The allegations contained in Paragraph 33 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

34.    The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

35.    The allegations contained in Paragraph 35 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 35 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

**SIG's Original P320 Pistol**

36.    The allegations contained in Paragraph 36 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 36 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

37.    The allegations contained in Paragraph 37 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 37 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

38.    The allegations contained in Paragraph 38 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 38 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

39.     The allegations contained in Paragraph 39 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 39 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

40.     The allegations contained in Paragraph 40 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 40 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

**SIG's original P320 contained no external safety mechanisms**

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 41 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 42 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

43.     The allegations contained in Paragraph 43 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 43 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

44.     The allegations contained in Paragraph 44 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations

contained in Paragraph 44 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

45.     The allegations contained in Paragraph 45 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 45 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

46.     The allegations contained in Paragraph 46 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 46 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

47.     The allegations contained in Paragraph 47 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 47 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

48.     The allegations contained in Paragraph 48 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 48 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

49.     The allegations contained in Paragraph 49 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 49 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

50.     The allegations contained in Paragraph 50 of Plaintiff's Complaint do not relate to

Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 50 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

51.     The allegations contained in Paragraph 51 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 51 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

52.     The allegations contained in Paragraph 52 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 52 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

53.     The allegations contained in Paragraph 53 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 53 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

54.     The allegations contained in Paragraph 54 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 54 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

55.     The allegations contained in Paragraph 55 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 55 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

56.     The allegations contained in Paragraph 56 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 56 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

57.     The allegations contained in Paragraph 57 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 57 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

58.     The allegations contained in Paragraph 58 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 58 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

59.     The allegations contained in Paragraph 59 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 59 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

60.     The allegations contained in Paragraph 60 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 60 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

**SIG knew or should have known about the P320's defect.**

61.     The allegations contained in Paragraph 61 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations

contained in Paragraph 61 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

62. The allegations contained in Paragraph 62 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 62 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

63. The allegations contained in Paragraph 63 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 63 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

64. The allegations contained in Paragraph 64 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 64 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

65. The allegations contained in Paragraph 65 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 65 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

66. The allegations contained in Paragraph 66 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 66 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

67. The allegations contained in Paragraph 67 of Plaintiff's Complaint do not relate to

Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 67 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

68.     The allegations contained in Paragraph 68 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 68 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

69.     The allegations contained in Paragraph 69 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 69 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

70.     The allegations contained in Paragraph 70 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 70 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

71.     The allegations contained in Paragraph 71 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 71 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

72.     The allegations contained in Paragraph 72 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 72 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

73.     The allegations contained in Paragraph 73 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 73 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

74.     The allegations contained in Paragraph 74 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 74 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

75.     The allegations contained in Paragraph 75 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 75 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

**The civilian P320's defect is revealed to the public.**

76.     The allegations contained in Paragraph 76 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 76 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

77.     The allegations contained in Paragraph 77 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 77 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

78.     The allegations contained in Paragraph 78 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations

contained in Paragraph 78 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

79.     The allegations contained in Paragraph 79 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 79 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

80.     The allegations contained in Paragraph 80 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 80 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

81.     The allegations contained in Paragraph 81 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 81 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

82.     The allegations contained in Paragraph 82 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 82 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

83.     The allegations contained in Paragraph 83 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 83 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

**SIG launches the VUP for the P320**

84.     The allegations contained in Paragraph 84 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 84 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

85.     The allegations contained in Paragraph 85 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 85 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

86.     The allegations contained in Paragraph 86 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 86 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

87.     The allegations contained in Paragraph 87 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 87 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

**The VUP changes the trigger.**

88.     The allegations contained in Paragraph 88 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 88 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

89.     The allegations contained in Paragraph 89 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations

contained in Paragraph 89 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

90. The allegations contained in Paragraph 90 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 90 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

91. The allegations contained in Paragraph 91 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 91 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

**The VUP changes the design of the safety levers.**

92. The allegations contained in Paragraph 92 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 92 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

93. The allegations contained in Paragraph 93 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 93 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

94. The allegations contained in Paragraph 94 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 94 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

95.     The allegations contained in Paragraph 95 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 95 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

96.     The allegations contained in Paragraph 96 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 96 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

97.     The allegations contained in Paragraph 97 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 97 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

**The VUP changes the weight of the striker.**

98.     The allegations contained in Paragraph 98 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 98 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

99.     The allegations contained in Paragraph 99 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 99 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

100.     The allegations contained in Paragraph 100 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations

contained in Paragraph 100 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

**The VUP did *not* add any external safety mechanisms to the P320.**

101.     The allegations contained in Paragraph 101 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 101 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

102.     The allegations contained in Paragraph 102 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 102 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

103.     The allegations contained in Paragraph 103 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 103 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

**SIG continues to represent the P320 as a safe firearm, even though it is not.**

104.     The allegations contained in Paragraph 104 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 104 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

105.     The allegations contained in Paragraph 105 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 105 of Plaintiff's Complaint are construed to contain factual allegations

relating to and requiring a response from Wintrode, they are denied.

106. The allegations contained in Paragraph 106 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 106 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

107. The allegations contained in Paragraph 107 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 107 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

108. The allegations contained in Paragraph 108 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 108 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

109. The allegations contained in Paragraph 109 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 109 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

110. The allegations contained in Paragraph 110 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 110 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

111. The allegations contained in Paragraph 111 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations

contained in Paragraph 111 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

112. The allegations contained in Paragraph 112 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 112 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

113. The allegations contained in Paragraph 113 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 113 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

114. The allegations contained in Paragraph 114 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

115. The allegations contained in Paragraph 115 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 115 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

116. The allegations contained in Paragraph 116 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 116 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

117. The allegations contained in Paragraph 117 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations

contained in Paragraph 117 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

118. The allegations contained in Paragraph 118 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 118 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

119. The allegations contained in Paragraph 119 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 119 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

## FIRST CAUSE OF CATION

### Design Defect under N.C. Gen. Stat. §§99B-6, 99b-11

### (Defendant SIG)

120. Wintrode restates and reincorporates by reference its responses contained in Paragraphs 1-119 above as if expressly recited herein.

121. The allegations contained in Paragraph 121 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 121 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

122. The allegations contained in Paragraph 122 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 122 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

123.    The allegations contained in Paragraph 123 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 123 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

124.    The allegations contained in Paragraph 124 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 124 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

125.    The allegations contained in Paragraph 125 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 125 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

126.    The allegations contained in Paragraph 126 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 126 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

127.    The allegations contained in Paragraph 127 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 127 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

128.    The allegations contained in Paragraph 128 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 128 of Plaintiff's Complaint are construed to contain factual allegations

relating to and requiring a response from Wintrode, they are denied.

129.　　The allegations contained in Paragraph 129 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 129 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

130.　　The allegations contained in Paragraph 130 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 130 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

## SECOND CAUSE OF ACTION

## Design Defect under N.C. Gen. Stat. § 99B-6

### (Defendant Wintrode)

131.　　Wintrode repeats and reincorporates by reference its responses contained in Paragraphs 1-130 above as if expressly recited herein.

132.　　The allegations contained in Paragraph 132 of Plaintiff's Complaint assert legal conclusions not interpreted to require a response. To the extent the allegations contained in Paragraph 132 of Plaintiff's Complaint are construed to contain factual allegations related to and requiring a response from Wintrode they are denied.

133.　　The allegations contained in Paragraph 133 of Plaintiff's Complaint are denied.

134.　　The allegations contained in Paragraph 134 of Plaintiff's Complaint are denied.

135.　　Wintrode admits that it designs its holsters for handguns but denies that it was specifically designed for SIG's P320 and asserts that it cannot control what end users do, particularly instances where Plaintiff purchased the gun and holster at a private sale. Wintrode

denies any allegations contained in Paragraph 135 of Plaintiff's Complaint that are not expressly admitted.

136. The allegations contained in Paragraph 136 of Plaintiff's Complaint are denied.

137. The allegations contained in Paragraph 137 of Plaintiff's Complaint are denied.

138. Wintrode admits that it advertises its holsters for handguns but denies that it was specifically designed for SIG's P320 and asserts that Plaintiff purchased the gun and holster at a private sale. Wintrode denies any allegations contained in Paragraph 138 of Plaintiff's Complaint that are not expressly admitted.

139. The allegations contained in Paragraph 139 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

140. The allegations contained in Paragraph 140 of Plaintiff's Complaint are denied as the holster was designed to fit dozens of handguns and was not specifically designed for SIG's P320.

141. The allegations contained in Paragraph 141 of Plaintiff's Complaint are denied.

142. Wintrode admits that it advertises its holsters for handguns and asserts that Plaintiff purchased the gun and holster at a private sale. Wintrode denies any allegations contained in Paragraph 142 of Plaintiff's Complaint that are not expressly admitted.

143. Wintrode admits that it advertises its holsters for handguns and asserts that Plaintiff purchased the gun and holster at a private sale. Wintrode denies any allegations contained in Paragraph 143 of Plaintiff's Complaint that are not expressly admitted.

144. The allegations contained in Paragraph 144 of Plaintiff's Complaint are denied.

145. The allegations contained in Paragraph 145 of Plaintiff's Complaint are denied.

146.     The allegations contained in Paragraph 146 of Plaintiff's Complaint are denied.

147.     The allegations contained in Paragraph 147 of Plaintiff's Complaint are admitted.

148.     The allegations contained in Paragraph 148 of Plaintiff's Complaint are denied.

149.     The allegations contained in Paragraph 149 of Plaintiff's Complaint are denied.

150.     The allegations contained in Paragraph 150 of Plaintiff's Complaint are denied.

## THIRD CAUSE OF ACTION

## Defective Warning under N.C. Gen. Stat. § 99B-5

**(Defendant SIG)**

151.     Wintrode restates and reincorporates by reference the responses contained in Paragraphs 1-150 above as if expressly recited herein.

152.     The allegations contained in Paragraph 152 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 152 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

153.     The allegations contained in Paragraph 153 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 153 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

154.     The allegations contained in Paragraph 154 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 154 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

155.     The allegations contained in Paragraph 155 of Plaintiff's Complaint do not relate

to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 155 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

156. The allegations contained in Paragraph 156 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 156 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

157. The allegations contained in Paragraph 157 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 157 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

158. The allegations contained in Paragraph 158 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 158 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

159. The allegations contained in Paragraph 159 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 159 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

160. The allegations contained in Paragraph 160 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 160 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

161. The allegations contained in Paragraph 161 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 161 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

162. The allegations contained in Paragraph 162 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 162 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

163. The allegations contained in Paragraph 163 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 163 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

164. The allegations contained in Paragraph 164 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 164 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

## FOURTH CAUSE OF ACTION

## Defective Warning under N.C. Gen. Stat. § 99B-5

### (Defendant Wintrode)

165. Wintrode repeats and reincorporates by references its responses contained in Paragraphs 1-164 above as if expressly recited herein.

166. The allegations contained in Paragraph 166 of Plaintiff's Complaint are denied.

167. The allegations contained in Paragraph 167 of Plaintiff's Complaint are denied.

168.     The allegations contained in Paragraph 168 of Plaintiff's Complaint are denied.

169.     The allegations contained in Paragraph 169 of Plaintiff's Complaint are denied.

170.     The allegations contained in Paragraph 170 of Plaintiff's Complaint are denied.

171.     The allegations contained in Paragraph 171 of Plaintiff's Complaint are denied.

172.     The allegations contained in Paragraph 172 of Plaintiff's Complaint are denied.

## FIFTH CAUSE OF ACTION

### Negligence/Gross Negligence

### (Defendants SIG and Wintrode)

173.     Wintrode restates and reincorporates by reference its responses contained in Paragraphs 1-172 above as if expressly recited herein.

174.     The allegations contained in Paragraph 174 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 174 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

175.     Wintrode admits to all duties imposed by law but denies Plaintiff has accurately set forth those duties and accordingly denies the allegations contained in Paragraph 175 of Plaintiff's Complaint.

176.     The allegations contained in Paragraph 176 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 176 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

177.     Wintrode admits to all duties imposed by law but denies Plaintiff has accurately set forth those duties and accordingly denies the allegations contained in Paragraph 177 of

Plaintiff's Complaint.

178.     The allegations contained in Paragraph 178 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 178 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

179.     The allegations contained in Paragraph 179 of Plaintiff's Complaint are denied.

180.     The allegations contained in Paragraph 180 of Plaintiff's Complaint are denied.

181.     The allegations contained in Paragraph 181 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 181 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

### SIXTH CAUSE OF ACTION

### Breach of Warranty, express and implied

### (Defendant SIG)

182.     Wintrode restates and reincorporates by reference its responses contained in Paragraphs 1-181 above as if expressly recited herein.

183.     The allegations contained in Paragraph 183 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 183 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

184.     The allegations contained in Paragraph 184 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 184 of Plaintiff's Complaint are construed to contain factual allegations

relating to and requiring a response from Wintrode, they are denied.

185.    The allegations contained in Paragraph 185 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 185 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

186.    The allegations contained in Paragraph 186 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 186 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

187.    The allegations contained in Paragraph 187 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 187 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

188.    The allegations contained in Paragraph 188 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 188 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

189.    The allegations contained in Paragraph 189 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 189 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

190.    The allegations contained in Paragraph 190 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations

contained in Paragraph 190 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

191. The allegations contained in Paragraph 191 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 191 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

192. The allegations contained in Paragraph 192 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 192 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

193. The allegations contained in Paragraph 193 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 193 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

194. The allegations contained in Paragraph 194 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 194 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

195. The allegations contained in Paragraph 195 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 195 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

196. The allegations contained in Paragraph 196 of Plaintiff's Complaint do not relate

to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 196 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

197.    The allegations contained in Paragraph 197 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 197 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

198.    The allegations contained in Paragraph 198 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 198 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

199.    The allegations contained in Paragraph 199 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 199 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

200.    The allegations contained in Paragraph 200 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 200 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

201.    The allegations contained in Paragraph 201 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 201 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

202. The allegations contained in Paragraph 202 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 202 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

203. The allegations contained in Paragraph 203 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 203 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

204. The allegations contained in Paragraph 204 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 204 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

205. The allegations contained in Paragraph 205 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 205 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

206. The allegations contained in Paragraph 206 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 206 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

207. The allegations contained in Paragraph 207 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 207 of Plaintiff's Complaint are construed to contain factual allegations

relating to and requiring a response from Wintrode, they are denied.

## SEVENTH CAUSE OF ACTION

## Substantive Claim under the Magnuson-Moss Warranty Act (hereinafter "MMWA")

## (Defendant SIG)

208.    Wintrode reincorporates by reference its responses to the allegations contained in Paragraphs 1-207 above as if expressly recited herein.

209.    The allegations contained in Paragraph 209 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 209 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

210.    The allegations contained in Paragraph 210 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 210 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

211.    The allegations contained in Paragraph 211 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 211 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

212.    The allegations contained in Paragraph 212 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 212 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

213.    The allegations contained in Paragraph 213 of Plaintiff's Complaint do not relate

to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 213 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

214. The allegations contained in Paragraph 214 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 214 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

## EIGHTH CAUSE OF ACTION

### Fraud

### (Defendant SIG)

215. Wintrode restates and reincorporates by reference the responses contained in Paragraphs 1-214 above as if expressly recited herein.

216. The allegations contained in Paragraph 216 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 216 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

217. The allegations contained in Paragraph 217 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 217 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

218. The allegations contained in Paragraph 218 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 218 of Plaintiff's Complaint are construed to contain factual allegations

relating to and requiring a response from Wintrode, they are denied.

219. The allegations contained in Paragraph 219 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 219 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

220. The allegations contained in Paragraph 220 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 220 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

221. The allegations contained in Paragraph 221 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 221 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

222. The allegations contained in Paragraph 222 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 222 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

223. The allegations contained in Paragraph 223 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 223 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

224. The allegations contained in Paragraph 224 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations

contained in Paragraph 224 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

225.    The allegations contained in Paragraph 225 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 225 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

226.    The allegations contained in Paragraph 226 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 226 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

227.    The allegations contained in Paragraph 227 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 227 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

228.    The allegations contained in Paragraph 228 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 228 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

229.    The allegations contained in Paragraph 229 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 229 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

230.    The allegations contained in Paragraph 230 of Plaintiff's Complaint do not relate

to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 230 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

231.    The allegations contained in Paragraph 231 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 231 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

## NINTH CAUSE OF ACTION

### Negligent Misrepresentation

**(Defendant SIG)**

232.    Wintrode restates and reincorporates by reference the responses contained in Paragraphs 1-231 above as if expressly recited herein.

233.    The allegations contained in Paragraph 233 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 233 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

234.    The allegations contained in Paragraph 234 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 234 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

235.    The allegations contained in Paragraph 235 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 235 of Plaintiff's Complaint are construed to contain factual allegations

relating to and requiring a response from Wintrode, they are denied.

236. The allegations contained in Paragraph 236 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 236 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

237. The allegations contained in Paragraph 237 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 237 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

238. The allegations contained in Paragraph 238 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 238 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

## TENTH CAUSE OF ACTION

### Negligent Misrepresentation

### (Defendant Wintrode)

239. Wintrode restates and reincorporates by references its responses contained in Paragraphs 1-238 above as if expressly recited herein.

240. Wintrode admits that it advertises its holsters for handguns and asserts that Plaintiff purchased the gun and holster at a private sale. Wintrode denies any allegations contained in Paragraph 240 of Plaintiff's Complaint that are not expressly admitted.

241. Wintrode admits that it advertises its holsters for handguns and asserts that Plaintiff purchased the gun and holster at a private sale. Wintrode denies any allegations

contained in Paragraph 241 of Plaintiff's Complaint that are not expressly admitted.

242.    The allegations contained in Paragraph 242 of Plaintiff's Complaint are denied.

243.    The allegations contained in Paragraph 243 of Plaintiff's Complaint are denied.

244.    The allegations contained in Paragraph 244 of Plaintiff's Complaint are denied.

245.    The allegations contained in Paragraph 245 of Plaintiff's Complaint are denied.

246.    The allegations contained in Paragraph 246 of Plaintiff's Complaint are denied.

247.    The allegations contained in Paragraph 247 of Plaintiff's Complaint are denied.

## ELEVENTH CAUSE OF ACTION

## Unfair and Deceptive Trade Practices under N.C. Gen. Stat. § 75-1.1

**(Defendant SIG)**

248.    Wintrode restated and reincorporates by reference its responses contained in Paragraphs 1-247 above as if expressly recited herein.

249.    The allegations contained in Paragraph 249 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 249 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

250.    The allegations contained in Paragraph 250 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 250 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

251.    The allegations contained in Paragraph 251 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 251 of Plaintiff's Complaint are construed to contain factual allegations

relating to and requiring a response from Wintrode, they are denied.

252. The allegations contained in Paragraph 252 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 252 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

253. The allegations contained in Paragraph 253 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 253 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

254. The allegations contained in Paragraph 254 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 254 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

255. The allegations contained in Paragraph 255 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 255 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

256. The allegations contained in Paragraph 256 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 256 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

## TWELFTH CAUSE OF ACTION

## Unfair and Deceptive Trade Practices under N.C. Gen. Stat. § 75-1.1

**(Defendant Wintrode)**

257.     Wintrode restates and reincorporates by reference its responses contained in Paragraphs 1-256 above as if expressly recited herein.

258.     The allegations contained in Paragraph 258 of Plaintiff's Complaint are denied.

259.     The allegations contained in Paragraph 259 of Plaintiff's Complaint are denied.

260.     The allegations contained in Paragraph 260 of Plaintiff's Complaint are denied.

261.     The allegations contained in Paragraph 261 of Plaintiff's Complaint are denied.

262.     The allegations contained in Paragraph 262 of Plaintiff's Complaint are denied.

263.     The allegations contained in Paragraph 263 of Plaintiff's Complaint are denied.

## THIRTEENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

**(Defendant SIG)**

264.     Wintrode restates and reincorporates by reference its responses contained in Paragraphs 1-263 above as if expressly recited herein.

265.     The allegations contained in Paragraph 265 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 265 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

266.     The allegations contained in Paragraph 266 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 266 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

267.     The allegations contained in Paragraph 267 of Plaintiff's Complaint do not relate

to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 267 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

268.    The allegations contained in Paragraph 268 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 268 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

269.    The allegations contained in Paragraph 269 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 269 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

### FOURTEENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### (Defendant SIG)

270.    Wintrode restates and reincorporates by references its responses contained in Paragraphs 1-269 above as if expressly recited herein.

271.    The allegations contained in Paragraph 271 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 271 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

272.    The allegations contained in Paragraph 272 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 272 of Plaintiff's Complaint are construed to contain factual allegations

relating to and requiring a response from Wintrode, they are denied.

273.     The allegations contained in Paragraph 273 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 273 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

274.     The allegations contained in Paragraph 274 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 274 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

275.     The allegations contained in Paragraph 275 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 275 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

276.     The allegations contained in Paragraph 276 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 276 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

## FIFTEENTH CAUSE OF ACTION

### Punitive Damages

### (Defendants SIG and Wintrode)

277.     Wintrode restates and reincorporates by reference its responses contained in Paragraphs 1-276 above as if expressly recited herein.

278.     The allegations contained in Paragraph 278 of Plaintiff's Complaint are denied.

279.     The allegations contained in Paragraph 279 of Plaintiff's Complaint are denied.

280.     The allegations contained in Paragraph 280 of Plaintiff's Complaint do not relate to Wintrode and are therefore not interpreted to require a response. To the extent the allegations contained in Paragraph 280 of Plaintiff's Complaint are construed to contain factual allegations relating to and requiring a response from Wintrode, they are denied.

281.     The allegations contained in Paragraph 281 of Plaintiff's Complaint are denied.

### FIRST AFFIRMATIVE DEFENSE
### (Contributory Negligence)

1.     If it be determined that Wintrode was in any way negligent or otherwise liable to the Plaintiff, and that such negligence or other liability on the part of Wintrode was a proximate cause or the proximate cause of Plaintiff's injuries and damages, if any, all of which has been and is once again denied, it is alleged that Plaintiff was negligent and grossly negligent, as hereinafter set forth; that such negligence and gross negligence on the part of Plaintiff was a proximate cause of his injuries or damages, if any; that such negligence and gross negligence on the part of the Plaintiff is contributory and is pled in complete bar of any purported right of the Plaintiff to recover anything of the Defendant by way of this action.

2.     Plaintiff was negligent and gross negligent in that he dangerously and recklessly misused both his firearm and the holster containing the firearm, including, but not limited to, using a belt holster in his back pocket when the holster was not designed for that purpose, in adjusting the firearm and holster while sitting on them, in failing to properly secure the firearm with the thumb brake, and/or otherwise not using appropriate and due care while carrying his firearm.

### SECOND AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Defendant alleges all of the risks and dangers of carrying and sitting on a firearm, if any, existing at the time and place of Plaintiff's alleged accident and injury were open, obvious, apparent, and were either known by Plaintiff or should have been known by Plaintiff. Furthermore, Plaintiff was perfectly competent to judge the appropriateness of the circumstances and conditions alleged to be existing at the time and place of the alleged accident and, therefore, by his actions, Plaintiff freely and voluntarily exposed himself to the alleged danger, thereby assuming the risk of being injured in the manner alleged in the Complaint. Therefore, Defendant is not liable to Plaintiff for any sum whatsoever. Plaintiff assumed the risk of damages and injuries by voluntarily and unreasonably proceeding to encounter a danger which he knew existed or he discovered or he should have known existed or should have discovered in the exercise of reasonable care, and such assumption of risk is pleaded and barred by any recovery of the Plaintiff as to Defendant.

### THIRD AFFIRMATIVE DEFENSE
#### (Contribution)

In the event it is determined that Wintrode was negligent, or is in any other way liable to Plaintiff, such liability being again specifically denied, and if it is determined in this action that Defendant is not entitled to full indemnity against Plaintiff, then Defendant alleges that Co-Defendant was also negligent, and such negligence contributed to the injuries of the Plaintiff, and that thus Co-Defendant would be a joint tort-feasor under the provisions of Chapter 1B of the North Carolina General Statutes, and that Wintrode would be entitled to contribution from and against Co-Defendant, and Defendant hereby asserts a claim against Co-Defendant for contribution pursuant to N.C. Gen. Stat. § 1B.

### FOURTH AFFIRMATIVE DEFENSE
#### (Indemnity)

In the event it is determined that Wintrode is in any way liable to Plaintiff, which has been and is once again denied, it is alleged that Co-Defendant was negligent, and that Co-Defendant's negligence was active and primary and the true cause of any damages or injuries sustained by Plaintiff, if any, and that Wintrode's purported negligence was passive and secondary, if any. If Plaintiff in this action sustained any injuries or damages as a result of the acts complained of in the Complaint, these damages are the direct and proximate result of the active and primary negligence of Co-Defendant and Wintrode is entitled to be indemnified by Co-Defendant for any all damages awarded against it. Wintrode hereby asserts a claim for indemnity against Co-Defendant for any and all damages awarded against it.

### FIFTH AFFIRMATIVE DEFENSE
### (Doctrine of Laches)

Plaintiff's Complaint is time barred by the Doctrine of Laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff failed to mitigate his damages, and such failure to mitigate his damages is pled as a bar to his recovery in this matter.

### SEVENTH AFFIRMATIVE DEFENSE
### (Intervening and Superseding)

If it be determined that Wintrode was in any way negligent or otherwise liable to Plaintiff, and that the negligence or other liability on the part of Wintrode was a proximate cause of Plaintiff's injuries and damages, if any, all of which has been and is once again denied, then it is alleged that the negligence of third parties over whom Wintrode had no duty or ability to supervise and control, was the true proximate cause of the Plaintiff's injuries and damages, if any; that such negligence is intervening and superseding negligence and is pled in complete bar of any purported right of Plaintiff to recover anything of Wintrode by way of this action.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Proximate Cause)

As an additional defense and without waiving any other defenses available to it, this Wintrode asserts that Plaintiff's alleged injuries were not proximately caused by any alleged action or inaction by Defendant. Defendant pleads this lack of proximate cause as a bar to any recovery by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE
### (Plaintiff's Condition – Peculiar Susceptibility)

To the extent that Plaintiff's injuries as alleged herein were caused directly, solely, and proximately by sensitivities, medical conditions, and idiosyncrasies peculiar to Plaintiff, not found in the general public, they were unknown, unknowable, or not reasonably foreseeable to Defendant.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Doctrine of Unclean Hands is pled as a bar to Plaintiff's claims.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Spoliation of Evidence)

Plaintiff failed to preserve physical evidence including various components of the firearm, the holster, and/or details related to the purchase which has been destroyed or withheld to Defendant's prejudice.

## TWELFTH AFFIRMATIVE DEFENSE
### (Setoff/Credit)

To the extent Plaintiff has received payments from any source for any of the alleged injuries or damages which are the subject matter of this action, then it is alleged and prayed that Defendant, as to any judgment rendered against Defendant in this action, be given a set off or credit for such amounts paid to or for the benefit of Plaintiff by any insurance carrier that has or may pay Plaintiff

for injuries sustained in the subject accident.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages - General)

Any punitive damages claim alleged in Plaintiff's Complaint violates Defendant's constitutional rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the North Carolina Constitution in that they are penal in nature and tantamount to the imposition of criminal fines, and the guidelines, standards, and/or instructions ("guidelines") for the imposition of punitive damages are vague, indefinite, and uncertain. Furthermore, these guidelines do not apprise Defendant of the conduct that will be subject to criminal penalties, and expose Defendant to multiple punishments and fines for the same acts, thereby discriminating against Defendant on the basis of wealth, in that different amounts can be awarded for the same acts against Defendant who differ only in material wealth.

To the extent Plaintiff alleges claims for punitive damages against this answering Defendant, this answering Defendant requires Plaintiff to prove any claim for punitive damages beyond a reasonable doubt, as required by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and by the North Carolina Constitution.

Plaintiff's claim for punitive damages cannot be upheld or must be constrained pursuant to *BMW v. Gore*, 116 S. Ct. 1589 (1996) and *State Farm v. Campbell*, 123 S. Ct. 1513 (2003) and their progeny.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages – Frivolous and Malicious)

Plaintiff's claims for punitive damages are frivolous and malicious, and accordingly, Wintrode is entitled to the recovery of attorneys' fees pursuant to N.C. Gen. Stat. § 1D-45.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

49

Wintrode reserves the right to assert any additional and further defenses as may be revealed by additional information received or uncovered through the discovery process.

## NOTICE OF INTENT TO BIFURCATE

Wintrode, pursuant to N.C. Gen. Stat. § 1D-30, hereby moves the Court for bifurcation of the issues relating to compensatory damages and punitive damages at the trial of this action, and Wintrode prays the Court for an order excluding all evidence relating to punitive damages at trial on compensatory damages.

WHEREFORE, Wintrode respectfully prays that the Court order as follows:

1. That the Complaint of the Plaintiff be dismissed;

2. That, in the alternative, the Plaintiff have and recover nothing of this answering Defendant by way of this action;

3. That all issues of fact be tried by a jury;

4. That the cost of this action, including this answering Defendant's reasonable attorneys' fees, be taxed against the Plaintiff; and

5. That this answering Defendant have and recover any other and further relief that the Court may deem just and proper.

This the 10th day of June, 2022.

/s/ *Walt Rapp*

_____
WALT RAPP
Bar No: 31747
Attorneys for Wintrode Enterprises, Inc.
McAngus Goudelock & Courie, PLLC
Post Office Box 12327
Wilmington, North Carolina 28405
(910) 726-1122
walt.rapp@mgclaw.com