UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

|                                    |   |                              |
|------------------------------------|---|------------------------------|
| JACK ANTHONY WILLIAMS,             | ) |                              |
| Plaintiff,                         | ) | CIVIL ACTION NO. 4:22-cv-48  |
| v.                                 | ) |                              |
| SIG SAUER, INC., et al.            | ) |                              |
| Defendants.                        | ) |                              |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SIG SAUER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Fed. R. Civ. P. 12(b)(2), the Defendant, Sig Sauer, Inc. (hereinafter "Sig Sauer"), moved to dismiss the claims against it due to a lack of personal jurisdiction. (D.E. 14).

**SUMMARY OF THE ARGUMENT**

This product liability action involves a foreign Plaintiff, foreign Defendant, and foreign acts. Specifically, Plaintiff is an Ohio resident who lived in Kentucky at the time of his accident. He has sued Sig Sauer, a foreign corporation, for damages arising out of an alleged inadvertent discharge of his Sig Sauer P320 model pistol (which was designed, manufactured, sold, and purchased outside of North Carolina), which happened to occur while Plaintiff was traveling in North Carolina. Neither North Carolina's Long-Arm Statute nor Federal Due Process permits a court to assert personal jurisdiction over a foreign defendant sued by a foreign plaintiff over foreign acts simply because an accident happened to occur in North Carolina when Plaintiff

1

unilaterally brought the pistol into North Carolina. The claims against Sig Sauer should therefore be dismissed.

## FACTUAL BACKGROUND

### I. The Incident

On May 25, 2019, Plaintiff Jack Anthony Williams, an Ohio resident who was living in Kentucky at the time of the accident, was allegedly sitting on his motorcycle while on vacation in New Bern, North Carolina. (Compl., D.E. 1, at ¶¶ 2-3.) At the time, he had his Sig Sauer P320 pistol—purchased outside of North Carolina—(hereinafter, the "Subject Pistol") located in his back pocket. (*Id.* at ¶ 3.) Plaintiff alleges that as he moved his leg, the Subject Pistol fired a round into his leg. (*Id.* at ¶ 3.) Notably, Plaintiff does not allege that any transaction related to his P320 pistol occurred in or related to North Carolina.

### II. Sig Sauer's Lack of North Carolina Contacts

Plaintiff alleges that he was injured by his Sig Sauer P320 that he brought with him on vacation in North Carolina; however, there are no allegations surrounding or related to Plaintiff's purchase of the P320 or his accident that connect Sig Sauer to the State of North Carolina. (*Id.* at ¶¶ 2-3.) Specifically, Plaintiff does not allege that he purchased or received the Subject Pistol in North Carolina. Sig Sauer has confirmed that it designed and manufactured the Subject Pistol in New Hampshire, and then shipped it to a wholesale distributor in Ohio. (*See* Declaration of Steven Shawver, dated June 10, 2022 ("Shawver Decl."), attached as **Exhibit "A"**, at ¶¶ 5-6.) Plaintiff's stated rationale for this Court to assert personal jurisdiction

2

Case 4:22-cv-00048-D   Document 15   Filed 07/05/22   Page 2 of 18

over Sig Sauer is "because Williams's injury occurred in North Carolina" and because he alleges Sig Sauer (1) has a registered agent in North Carolina, (2) provides a link to federally licensed dealers who sell firearms in the United States, including Sig-branded firearms, on its website, which, if searched, provides those located in North Carolina, and (3) Sig Sauer has a state contract to sell pistols to law enforcement in the state of North Carolina. (D.E. 1, at ¶¶ 4, 10 fn. 2.) However, given that Plaintiff is not a North Carolina resident and none of Sig Sauer's alleged contacts with North Carolina are related to this action, Plaintiff's allegations are insufficient to establish personal jurisdiction over Sig Sauer in this action.

Sig Sauer has taken no action to avail itself of the privilege of doing business in North Carolina. Specifically, Sig Sauer is a corporation organized and existing under the laws of Delaware with its headquarters and principal place of business in New Hampshire. (Shawver Decl., at ¶ 4.) Sig Sauer does not have a mailing address or bank account in North Carolina. (*Id.* at ¶ 7.) Sig Sauer does not own any property in North Carolina. (*Id.*) Sig Sauer has no employees in North Carolina and it does not direct any business operations from North Carolina. (*Id.*) Sig Sauer did not specifically design P320 model pistols for use in North Carolina, nor does it direct any of its marketing and advertising for the P320 model pistol directly at North Carolina or North Carolina residents. (*Id.* at ¶¶ 8-9.) And, unlike car manufacturers, Sig Sauer does not have contracts with dealers to repair or service P320 model pistols in North Carolina. *See* https://www.sigsauer.com/warranty (informing customers that repair and service is only performed by Sig Sauer in New Hampshire).

## PROCEDURAL HISTORY

Plaintiff commenced this action via the filing of a Summons and Complaint in the United States District Court for the Eastern District of North Carolina on May 18, 2022. (D.E. 1.) Plaintiff served Sig Sauer with process via Certified Mail on or around May 19, 2022. Sig Sauer now timely moves for dismissal of Plaintiff's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

## LEGAL STANDARD

The plaintiff bears the burden of establishing personal jurisdiction. *See UMG Recordings v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020); *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016); *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). A plaintiff must plead a *prima facie* showing of personal jurisdiction. *See Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019); *Sneha Media*, 911 F.3d at 196–97; *Grayson*, 816 F.3d at 268; *Combs*, 886 F.2d at 676. "The '*prima facie* case' analysis resembles the plausibility inquiry governing motions to dismiss for failure to state a claim under Rule 12(b)(6)." *Hawkins*, 935 F.3d at 226 (emphasis omitted).

Even when a plaintiff initially shows a *prima facie* case, a plaintiff must eventually prove personal jurisdiction by a preponderance of the evidence. *See Sneha Media*, 911 F.3d at 197; *Grayson*, 816 F.3d at 268; *Combs*, 896 F.2d at 676. In considering whether a plaintiff has established a *prima facie* case, a court may consider "the parties' motion papers, affidavits attached to the motion, supporting

---

[1] Sig Sauer's responsive pleading is due July 5, 2022 by Text Order of the Court dated June 14, 2022.

legal memoranda, and the allegations in the complaint." *Grayson*, 816 F.3d at 268; *see Hawkins*, 935 F.3d at 226; *UMG Recordings*, 963 F.3d at 350; *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60, 62 (4th Cir. 1993). The court considers the allegations and supporting evidence in the light most favorable to the plaintiff. *See UMG Recordings*, 963 F.3d at 350; *Hawkins*, 935 F.3d at 226; *Grayson*, 816 F.3d at 268; *Combs*, 886 F.2d at 676.

Here, Plaintiff has not alleged any facts tying any conduct by Sig Sauer related to this action to North Carolina. Rather, the only nexus between this action and North Carolina relates to Plaintiff's travel through North Carolina and Sig Sauer's unrelated contract with the state for law enforcement. However, that is insufficient to establish personal jurisdiction over Sig Sauer in this action and, therefore, Plaintiff's Complaint should be dismissed.

## ARGUMENT

### I. THE COURT LACKS PERSONAL JURISDICTION OVER SIG SAUER

To maintain this lawsuit, Plaintiff must prove that the exercise of personal jurisdiction over Sig Sauer, a Delaware corporation with a principal place of business in New Hampshire, in North Carolina is proper. *Bauer v. Douglas Aquatics, Inc.*, 207 N.C. App. 65, 68 (2010) (articulating the standard of review for a motion to dismiss for lack of personal jurisdiction with a supporting affidavit). Here, there are no facts that would subject Sig Sauer to personal jurisdiction in this state.

There are two types of personal jurisdiction: "general" (sometimes called "all-purpose") jurisdiction and "specific" (sometimes called "case-linked") jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846

(2011). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id*. at 924, 131 S.Ct. 2846. A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State. *Id.* at 919, 131 S.Ct. 2846. But "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State. *Daimler AG v. Bauman,* 571 U.S. —— ——,134 S.Ct. 746, 760, 187 L.Ed.2d 624 (2014).

With specific jurisdiction, on the other hand, "a 'relationship among the defendant, the forum, and the litigation' is the essential foundation," *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)*,* while the "constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' with the forum State." *Burger King v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Not only must there be minimum contacts, but "the plaintiff's claims 'must arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1025, 209 L. Ed. 2d 225 (2021) (citations omitted). For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear,* 564 U.S., at 919, 131 S.Ct. 2846 (internal quotation marks omitted).

For the reasons set forth herein, Plaintiff cannot establish either general or specific personal jurisdiction in North Carolina and his Complaint must be dismissed.

### A. This Court Does Not Have General Jurisdiction Over Sig Sauer, Nor Does Plaintiff So Allege

General jurisdiction over a corporation only exists: (a) in its state of incorporation, (b) in the state of its principal place of business, or (c) in an "exceptional case" where the corporate defendant's operations "may be so substantial and of such a nature as to render the corporation 'at home' in that State." *Daimler AG,* 571 U.S. at 139 n.19, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). Sig Sauer is incorporated in Delaware and its principal place of business is in New Hampshire. (See Shawver Decl., at ¶ 4.) Thus, to establish general jurisdiction, Plaintiff would need to establish that Sig Sauer's contacts with North Carolina are sufficient to render it "at home" in the State, which he has not done and which he cannot do.

The U.S. Supreme Court has stated that it is so rare that circumstances would qualify as "exceptional" that "it is virtually inconceivable that such corporations will ever be subject to general jurisdiction in any location other than their principal places of business or of incorporation." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1560 (2017) (Sotomayor, J., concurring in part and dissenting in part). Here, Plaintiff has not even attempted to allege facts that could subject Sig Sauer to general jurisdiction in North Carolina. There are no allegations of any conduct by Sig Sauer in North Carolina that would rise to the level of the "exceptional case" where Sig Sauer can be deemed to be "at home" in North Carolina. To the contrary, all of Sig Sauer's operations are located outside of North Carolina: Sig Sauer does not have an office in

7

North Carolina; has no mailing address in North Carolina; does not have employees in North Carolina; does not have a bank account in North Carolina; does not direct its business operations from North Carolina; and does not own property in North Carolina. (See Shawver Decl., at ¶ 7.) Consequently, general jurisdiction cannot be exercised over Sig Sauer in this case.

### B. This Court Does Not Have Specific Personal Jurisdiction Over Sig Sauer

A plaintiff must satisfy two conditions to meet its burden of establishing that a district court has personal jurisdiction over a non-resident defendant: "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." *Christian Sci. Bd. of Dirs. v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001); *see Miller v. Kite*, 313 N.C. 474, 476, 329 S.E.2d 663, 665 (1985); *Fran's Pecans, Inc. v. Greene*, 134 N.C.App. 110, 112, 516 S.E.2d 647, 649 (1999). Plaintiff can do neither here, and his Complaint must be dismissed.

#### 1. This Court Does Not Have Personal Jurisdiction Over Sig Sauer Under North Carolina's Long-Arm Statute

Plaintiff claims this Court has specific jurisdiction over Sig Sauer under N.C. Gen.Stat. § 1-75.4(4)(a), (b). To exercise specific personal jurisdiction over a foreign corporation under N.C. Gen.Stat § 1-75.4(4)(a), (b), the plaintiff must establish: (1) an action claiming ***injury to a North Carolina person*** or property; (2) that the alleged injury arose from activities by the defendant outside of North Carolina, ***and*** either (3) (a) that Sig Sauer engaged in solicitation or services in North Carolina or (b) that the product serviced or manufactured by the defendant was used or consumed

8

in North Carolina in the ordinary course of trade. *See* N.C. Gen.Stat. § 1-75.4(4)(a), (b); *see also Fran's Pecans, Inc.*, 134 N.C.App. at 112, 516 S.E.2d at 649; *Wallace v. Smith*, 161 N.C.App. 742, 590 S.E.2d 23, at *2 (2003).

This Court does not have personal jurisdiction over Sig Sauer under North Carolina's Long-Arm Statute because ***Plaintiff is not a North Carolina resident***. *See Fran's Pecans, Inc.*, 134 N.C.App. at 112, 516 S.E.2d at 649; *Wallace*, 161 N.C.App. 742, 590 S.E.2d 23, at *2. Nor does personal jurisdiction over Sig Sauer comport with due process.

### 2. The Exercise of Personal Jurisdiction Over Sig Sauer Does Not Comport with Federal Due Process

In addition to failing under North Carolina's Long-Arm Statute, asserting personal jurisdiction over Sig Sauer would not comport with due process. Before finding personal jurisdiction over Sig Sauer, the Court must determine "whether [each] defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Christian Sci. Bd. of Dirs.*, 259 F.3d at 215 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).; *Wallace v. Smith*, 161 N.C. App. 742 (2003). "The question ... is whether a defendant's contacts with the forum state are so substantial that they amount to a surrogate for [physical] presence and thus render the exercise of sovereignty just...." *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir.1997).

The Fourth Circuit applies a three-part test for determining whether specific jurisdiction exists: (1) whether and to what extent the defendant "purposely availed"

9

itself of the privileges of conducting activities in the forum state; (2) whether the plaintiff's claim *arises out of* those forum-related activities; and (3) whether the exercise of jurisdiction is constitutionally "reasonable." *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). For specific jurisdiction to exist, *all three* of the above-cited factors must be satisfied. *See Frost v. AmSafe Commercial Products, Inc.*, No. 1:21-CV-156-MOC-WCM, 2022 WL 826931, at *5 (W.D.N.C. Mar. 18, 2022). If the plaintiff meets the first two prongs, then the burden shifts to the defendant to show that exercising jurisdiction would be unreasonable. *See id.*

### a. Sig Sauer Has Not Purposely Availed Itself of the Privilege of Conducting Activities in North Carolina

Whether a defendant has purposely availed itself of the privilege of conducting activities in North Carolina is not susceptible to a mechanical application and requires consideration of various nonexclusive factors, including:

> (1) whether the defendant maintained offices or agents in the State; (2) whether the defendant maintained property in the State; (3) whether the defendant reached into the State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the State; (5) whether a choice of law clause selects the law of the State; (6) whether the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State; and (8) the nature, quality, and extent of the parties' communications about the business being transacted.

*Sneha Media & Entm't, LLC v. Associated Broad. Co. P. Ltd.*, 911 F.3d 192, 198–99 (4th Cir. 2018).

Analysis of these factors demonstrates that Sig Sauer has not purposefully availed itself of the privilege of conducting business in North Carolina. Sig Sauer,

10

Inc. is a Delaware corporation with its principal place of business in the State of New Hampshire. (Shawver Aff. ¶ 4). All Sig Sauer P320 model pistols are designed and manufactured in New Hampshire. *Id.* at ¶ 5. Sig Sauer sells firearms, including P320 model pistols, to federally licensed distributors and dealers located throughout the United States. After it sells its firearms to a distributor or dealer, Sig Sauer plays no role in the determination of where the firearms are then sold to end users. *Id.* The P320 pistol that is at issue in this lawsuit–serial number 58A126941–was sold to a wholesale distributor, AcuSport Corporation, located in Bellefontaine, Ohio on April 12, 2017. *Id.* at ¶ 6. If Plaintiff sought repairs or service for his firearm, Sig's limited warranty provides it must be shipped back to New Hampshire. *See* https://www.sigsauer.com/warranty.

Sig Sauer does not have any contacts with the State of North Carolina related to the subject pistol or this lawsuit. Specifically:

a. Sig Sauer does not have an office in North Carolina.

b. Sig Sauer has no mailing address in North Carolina.

c. Sig Sauer does not have employees in North Carolina.

d. Sig Sauer does not have a bank account in North Carolina.

e. Sig Sauer does not direct its business operations from North Carolina.

f. Sig Sauer does not own property in North Carolina.

*Id.* at ¶ 7. Sig Sauer did not specifically design P320 model pistols for use in North Carolina. *Id.* at ¶ 8. Furthermore, Sig Sauer does not direct its marketing or advertising for P320 model pistols directly to North Carolina or North Carolina

residents. *Id.* at ¶ 8. Plaintiff did not purchase the pistol in North Carolina and is not a resident of North Carolina. *See generally* Dkt. 1.

None of Plaintiff's claims arise out of Sig Sauer contacts within the State of North Carolina. Simply, Sig Sauer has not purposely availed itself of the privilege of conducting activities in North Carolina.

### b. <u>Plaintiff's Claim Does Not Arise Out of North Carolina-Related Activities</u>

Nor do Plaintiff's claims "arise out of" Sig Sauer's activities directed at [North Carolina]." *See Ford Motor Co.*, 141 S. Ct. at 1026–32; *UMG Recordings*, 963 F.3d 354–55; *Cambridge Homes of N. Carolina, LP v. Hyundai Const., Inc.*, 194 N.C. App. 407, 412 (2008). To satisfy this due process requirement, there must be some "nexus" or "meaningful relationship between the defendant's forum-related activity and the claims." *Banc of Am. Merch. Servs., LLC*, 2021 WL 2695455, at *4–5. Otherwise, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.'" *Id.* at *5 (quoting *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017)).

Here, no "meaningful relationship" exists between Sig Sauer's North Carolina contacts and Plaintiff's claims. Shawver Aff. ¶ 7. The Complaint's only North Carolina-specific allegation about Sig Sauer is that Sig Sauer maintains a registered agent in North Carolina, "conducts ample sales through licensed dealers in North Carolina", and "maintains a Statewide Term Contract for Ammunition & Firearms." Dk. No 1 at ¶10, fn. 2.

12

Having a registered agent in North Carolina is not, by itself, a basis for personal jurisdiction. If it were, it would effectively provide general jurisdiction over corporations everywhere they are required to register to do business. In fact, it is not even one of the eight factors set out by North Carolina courts. *See Sneha Media & Entm't,* 911 F.3d at 198–99. Moreover, Plaintiff's allegations that Sig Sauer "conducts ample sales" in North Carolina is mere conjecture. Plaintiff cites to no facts or data to support this allegation. Sig Sauer designs and manufactures pistols in New Hampshire and then sells them to federally-licensed distributors or dealers. Finally, Sig Sauer's state contract for the sale of pistols to law enforcement in North Carolina has no relation to its sales of pistols to the commercial market. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, 137 S. Ct. 1773, 1783, 198 L. Ed. 2d 395 (2017) ("the bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the State."). Furthermore, Mr. Williams is not a member of law enforcement, but rather commercially purchased his P320 outside the state of North Carolina.

Contrast the facts of this case with those before the United States Supreme Court in *Ford*. Central to the *Ford* decision, the plaintiffs were actually residents of the states in which their accidents occurred. *Ford,* 141 S. Ct. at 1028, 209 L. Ed. 2d 225 ("That is why this Court has used this exact fact pattern (a ***resident-plaintiff*** sues a global car company, extensively serving the state market in a vehicle, for an in-state accident) as an illustration—even a paradigm example—of how specific

13

jurisdiction works." (emphasis added)). In addition, the Court placed heavy emphasis on the extent of Ford's extensive contacts within the state; specifically:

> To see why Ford is subject to jurisdiction in these cases (as Audi, Volkswagen, and Daimler were in their analogues), consider first the business that the company regularly conducts in Montana and Minnesota. Small wonder that Ford has here conceded "purposeful availment" of the two States' markets. ***By every means imaginable—among them, billboards, TV and radio spots, print ads, and direct mail—Ford urges Montanans and Minnesotans to buy its vehicles***, including (at all relevant times) Explorers and Crown Victorias. Ford cars—again including those two models—are available for sale, whether new or used, throughout the States, at 36 dealerships in Montana and 84 in Minnesota. And apart from sales, Ford works hard to foster ongoing connections to its cars' owners. ***The company's dealers in Montana and Minnesota (as elsewhere) regularly maintain and repair Ford cars***, including those whose warranties have long since expired. And the company distributes replacement parts both to its own dealers and to independent auto shops in the two States. Those activities, too, make Ford money. And by making it easier to own a Ford, they encourage Montanans and Minnesotans to become lifelong Ford drivers.

*Id.* (emphasis added). The *Ford* Court further emphasized that, "[i]n the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Id.*

This case shows one example of where those "real limits" lie: non-resident plaintiffs. *See Miller v. LG Chem, Ltd.*, 2022-NCCOA-55, 868 S.E.2d 896, 911-912 (2022) (Inman, J., *dissenting opinion*) ("Indeed, such an out-of-state plaintiff would run up against the 'real limit' imposed in *Bristol-Myers Squibb*…"). In fact, the *Ford* Court rejected Ford's argument that their systematic sales, marketing, and service into Montana and Minnesota were not related to the ***resident-plaintiffs'*** accidents because "the owners of these cars might never have bought them, and so these suits

14

might never have arisen, *except for Ford's contacts with their home States."* *Ford,* 141 S. Ct. at 1029, 209 L. Ed. 2d 225 (emphasis added). Moreover, the Court reasoned that "those States have significant interests at stake—*'providing [their] residents with a convenient forum* for redressing injuries inflicted by out-of-state actors,' as well as enforcing their own safety regulations." *Id.* at 1030 (emphasis added).

The United States Supreme Court in *Bristol-Myers Squibb*, on the other hand, rejected the non-resident plaintiffs' arguments that Bristol-Myers Squibb's systemic contacts with California gave rise to personal jurisdiction. *Bristol-Myers Squibb*, 582 U. S., at ——,137 S.Ct., at 1779–1780, 1780–1781. There, the plaintiffs were not residents of California, had not purchased the drug in California, and were not injured in California. *Id.* Here, Plaintiff's injury in North Carolina, where he unilaterally brought the P320 he purchased outside of North Carolina, is insufficient to establish personal jurisdiction under the standards set forth in *Ford* and *Bristol-Myers Squibb*.

Simply, Plaintiff does not explain how his claims arise out of his purchase of the pistol in a foreign jurisdiction. As a matter of constitutional due process, the unrelated contacts on which he relies is not enough. Without a "nexus" between the activity and Plaintiff's claims, Plaintiff cannot show that its "suit arises out of or relates to [Sig Sauer's] contacts with the forum." *Banc of Am. Merch. Servs., LLC*, 2021 WL 2695455, at *4 (quoting *Goodyear*, 564 U.S. at 923–24).

### c. The Exercise of Jurisdiction Over Sig Sauer Is Not Constitutionally "Reasonable"

In assessing this question, courts consider factors including: (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies. *Frost v. AmSafe Commercial Products, Inc.*, No. 1:21-CV-156-MOC-WCM, 2022 WL 826931, at *8 (W.D.N.C. Mar. 18, 2022).

While North Carolina has a significant interest in adjudicating disputes involving its residents, *see Frost*, 2022 WL 826931, at *8 (citing *Ford*, 141 S. Ct. at 1030 (noting that states have a significant interest in "providing [their] residents with a convenient forum for redressing injuries inflicted by out-of-state actors, as well as enforcing their own safety regulations")), it does not have an interest in adjudicating a dispute involving a non-resident plaintiff, a non-resident defendant, and an out-of-state action. *See Schaeffer v. SingleCare Holdings, LLC*, 278 N.C. App. 148, 2021-NCCOA-284, ¶ 35, *appeal dismissed, review denied*, No. 321PA21, 2022 WL 2191375 (N.C. June 15, 2022) ("North Carolina has minimal interest in a contract negotiated outside of this State, formed between non-resident parties, and substantially performed outside of this State."); *Vishay Intertechnology, Inc. v. Delta Intern. Corp.*, 696 F.2d 1062, 1069 (4th Cir. 1982) (North Carolina interests include residency of the plaintiff); *Wright v. Zacky & Sons Poultry, LLC*, 105 F. Supp. 3d 531, 541 (M.D.N.C.

16

Case 4:22-cv-00048-D   Document 15   Filed 07/05/22   Page 16 of 18

2015) ("North Carolina has little interest in a contract executed in California, performed almost entirely outside of North Carolina, and terminated in California.").

Moreover, the burden on Sig Sauer—a Delaware Corporation with a principal place of business in New Hampshire—would be significant, as it would be forced to defend itself in a distant and unfamiliar forum. In the absence of any contacts between Sig Sauer and North Carolina that form the basis of Plaintiff's claim, the exercise of personal jurisdiction over Sig Sauer would be patently unreasonable and thus unconstitutional.

## CONCLUSION

Because Sig Sauer had no contacts with North Carolina related to the Subject Pistol, neither North Carolina's long-arm statute nor federal due process support the exercise of personal jurisdiction. The claims against Sig Sauer should be dismissed.

Respectfully submitted,

/s/ Ashley K. Brathwaite
Ashley K. Brathwaite
N.C. Bar 33830
Ellis & Winters LLP
4131 Parklake Avenue, Suite 400
Raleigh, NC 27612
Tel: (919) 573-1297
Fax: (919) 865-7010
ashley.brathwaite@elliswinters.com
*Local Civil Rule 83.1(d) Counsel*

*Counsel for Defendant Sig Sauer, Inc.*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(f)(3)**

I hereby certify that the foregoing brief complies with the word limitation in Local Civil Rule 7.2(f)(3)(A) because the word count, excluding those parts of the brief identified in Local Civil Rule 7.2(f)(1), does not exceed 8,400 words. According to counsel's word processing software, the word count is 4,606.

This the 5th day of July, 2022.

/s/ Ashley K. Brathwaite
Ashley K. Brathwaite
N.C. State Bar No. 33830