IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FILE NO. 4:22-cv-00048-D

| | |
|---|---|
| JACK ANTHONY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PROTECTIVE ORDER** |
| v. ) | |
| ) | |
| SIG SAUER, INC., and ) | |
| WINTROD ENTERPRISES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff has subpoenaed certain documents, records, and other information from certain firearm distributors and/or retailers that may contain personally identifiable information and/or confidential customer information that may be considered proprietary.

In anticipation of the production of these documents, a non-party from whom production is being requested seeks a Court order so as to protect any such confidential and/or proprietary information and to ensure that said documents are not disclosed outside of this proceeding.

IT IS HEREBY ORDERED THAT:

1. Any non-party firearm distributors and/or retailers from whom documents have been or are requested under Rule 45 is authorized to disclose discoverable information pursuant to this Order if requested by the parties through discovery.

2. Any such information obtained in this action which are asserted by a non-party to contain, or constitute, confidential and/or proprietary information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

or a comparable notice. Additionally, any other materials considered by the non-party producing information pursuant to Rule 45 to be protected and/or confidential shall be likewise so indicated.

3. If any party objects to the designation of any information as confidential, counsel for the objecting party and counsel for the designating party shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting party may move the court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation.

4. In the absence of written permission from the non-party, producing the information pursuant to Rule 45, or their designee, or by order of the Court, any confidential information obtained in accordance with the provisions of this Order shall not be disclosed to any person other than:

    (a) The Court and its personnel.

    (b) The parties to this action.

    (c) Counsel for the parties to this action and employees of said counsel.

    (d) Insurers of the parties to this action.

    (e) Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 5.

    (f) Court reporters or videographers engaged to record depositions, hearings, or the trial in this action.

    (g) Witnesses at a deposition, hearing, or trial, and as necessary to prepare the testimony of the witness.

5. Before Confidential Information is disclosed to any person described in Paragraphs 4(e) of this Order, counsel for the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A. Counsel for the party disclosing the Confidential Information to said person shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the parties or upon order of the court.

6. In the case of deposition testimony, any party may designate information disclosed during a deposition as General Confidential Information by either:

    (a) identifying on the record at the deposition the information that is to be treated as Confidential Information; or

    (b) marking the portions of the deposition transcript to be designated as Confidential Information within 21 days after receipt of the transcript. If any deposition testimony or any document or information used during the course of a deposition is designated as Confidential Information, each page of the deposition transcript containing such information shall be labeled with the appropriate legend specified in Paragraph 3, and the first page of the deposition transcript shall be labeled in a manner that makes it readily apparent that the transcript contains Confidential Information.

7. The provisions of Local Civil Rule 79.2, E.D.N.C., along with Section V.G(1)(a) of the ECF Administrative Policies and Procedures Manual cited herein, shall control the filing of sealed documents:

Except for motions filed under seal in accordance with Section V.G.1.(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

(i) The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(iv) Whether there is consent to the motion.

8. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for each receiving party.

9. Following the conclusion of this action, including any appeals, a party that produced Confidential Information may request in writing its return by any other party. Within 60 days after service of such a request, any party that received the Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the court or a motion

4

for relief from this Paragraph 9 is pending. If a receiving party elects to destroy the Confidential Information rather than returning it to the producing party, counsel for the receiving party shall provide to the producing party by the 60-day deadline a signed certification that the Confidential Information has been destroyed. This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order. The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1.

10. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate any potential objection to the production of any documents under the Federal Rules of Civil Procedure or the admissibility under the Federal Rules of Evidence of any information subject to this Order.

11. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the court, or to seek further orders from the court regarding the additional disclosure of, or restriction of, confidential information.

Dated: October 4, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge

5

# EXHIBIT A

## UNDERTAKING TO BE BOUND

I, _____ declare as follows:

I acknowledge receipt of a copy of the Protective Order (hereinafter "Protective Order") in the matter of *Williams v. SIG SAUER, Inc., et al.* filed in the United States District Court for the Eastern District of North Carolina, Case No. 4:22-cv-00048-D, and agree that I: (1) will comply with and be bound by its provisions with respect to any information provided to me under the terms of this Protective Order; (2) will not reveal any information provided to me under the terms of this Protective Order to anyone other than such persons designated in this Protective Order; and (3) will utilize such confidential information solely for purposes of this litigation. I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the

Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____ _____
Signature                                           Dated

_____
Printed or Typed Name

_____
Address

_____
Position