**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 20-78-DLB-CJS**

**JACK ANTHONY WILLIAMS**                                            **PLAINTIFF**

**v.**                    **MEMORANDUM OPINION AND ORDER**

**SIG SAUER, INC.**                                               **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on Defendant Sig Sauer's Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. # 25). The matter has been fully briefed and is thus ripe for this Court's review. (Docs. # 31 and 32). For the reasons stated herein, Defendant's Motion to Dismiss is **granted**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In May of 2019, Plaintiff Anthony Williams, a Kentucky resident, was sitting on a motorcycle in New Bern, North Carolina when his Sig Sauer P320 pistol ("P320") discharged without being touched. (Doc. # 1 ¶¶ 3,5). At the time of the discharge, the pistol was holstered in Williams' back pocket. (*Id.* ¶ 6). The pistol's discharge resulted in Williams being struck in his upper leg, and the bullet exiting through his knee. (*Id.* ¶ 7). He was taken to a nearby hospital in New Bern for treatment over five days before he returned home to Kentucky. (*Id.* ¶ 9). Afterward, Williams filed this suit against Defendant Sig Sauer, a New Hampshire-based corporation that is incorporated in Delaware. (Docs. # 1 ¶ 4 and 25-1 ¶ 4). Sig Sauer markets and sells its products worldwide. (Doc. # 1 ¶ 4).

1

Williams alleges that as a direct and proximate result of the discharge, he has suffered substantial physical harm and damage to his leg and knee, physical and mental pain and suffering, and an inability to continue his profession. (*Id.* ¶ 11). He further alleges that the P320 was defectively designed and manufactured in violation of Kentucky law. (*Id.* ¶¶ 12-14, 17). As a result, Williams seeks compensatory and punitive damages for his injuries. (*Id.* ¶ 15). Williams asserts that this Court has jurisdiction over his claims based on 28 U.S.C § 1332(a), which allows federal district courts to hear matters between two citizens of different states where the amount in controversy exceeds $75,000. (Doc. # 1 ¶ 1). Sig Sauer argues that this Court lacks personal jurisdiction. (Doc. # 25).

## II.   ANALYSIS

### A.   Standard of Review

When a defendant brings a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to establish that the court has personal jurisdiction over the defendant. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). If the court has not conducted an evidentiary hearing, then the plaintiff's burden is "relatively slight," and the plaintiff must only make a prima facie showing of personal jurisdiction. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008); *see also Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The plaintiff "can meet this burden by 'establishing with reasonable particularity sufficient contacts between [Sig Sauer] and the forum state to support jurisdiction.'" *Neogen*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n,* 819 F.2d 434, 437 (3d Cir.1987)). The court views the pleadings, affidavits, and additional evidence in the light most favorable to the plaintiff and "does not

2

weigh the controverting assertions of the party seeking dismissal." *Theunissen*, 935 F.2d at 1459; *see also Neogen*, 282 F.3d at 887 ("[T]his court will not consider facts proffered by the defendant that conflict with those offered by the plaintiff.").

If the defendant, however, submits "a properly supported motion for dismissal, [then] the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458; *see also Parker v. Winwood*, 938 F.3d 833, 839–40 (6th Cir. 2019); *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012); *Carrier Corp. v. Outokumpu Oyi*, 673 F.3d 430, 449 (6th Cir. 2012). In the face of "affirmative evidence showing that the court lack[s] jurisdiction," the plaintiff's "mere allegations of jurisdiction are not enough." *Parker*, 938 F.2d at 839–40. If the plaintiff fails to put forth specific facts in opposition of a properly-supported motion to dismiss for lack of personal jurisdiction, then the court will "find personal jurisdiction lacking unless there are sufficient allegations in the complaint to establish personal jurisdiction *which stand unrefuted* by the sworn evidence provided" by the defendant. *Babcock Power, Inc. v. Sterling Grp., LP.*, No. 3:16-cv-789-CRS, 2017 WL 3161624, at *2 (W.D. Ky. July 25, 2017) (emphasis added); *see also Theunissen*, 935 F.2d at 1459 ("[T]he court disposing of a 12(b)(2) motion does not weigh the *controverting* assertions of the party seeking dismissal.") (emphasis added).

A federal court sitting in diversity must look to the law of the forum state to determine the reach of the district court's personal jurisdiction over parties, subject to constitutional due process requirements."[1] *Air Prods. & Controls, Inc. v. Safetech, Int'l,*

---

[1]     This Court is sitting in diversity as Plaintiff Williams is a resident and citizen of Kentucky and alleges that the amount in controversy is more than $75,000, while Defendant Sig Sauer has its principal place of business in New Hampshire and is incorporated in Delaware.  (Docs. # 1 ¶¶ 1, 3-4 and 25-1 ¶ 4); *see* 28 U.S.C. § 1332(a).

*Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). Thus, here personal jurisdiction must be proper under both the Kentucky long-arm statute and the federal Due Process Clause. *See id.* "The Kentucky Supreme Court has held that the state's long-arm statute (Ky. Rev. Stat. Ann. § 454.210) does not reach the outer limits of the Due Process Clause." *Hall v. Rag-O-Rama, LLC*, 359 F. Supp. 3d 499, 505 (E.D. Ky. Jan. 8, 2019) (citing *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011)).

Therefore, analysis of personal jurisdiction under Kentucky law is a "two-step process." *Newberry v. Silverman*, 789 F.3d 636, 641 (6th Cir. 2015) (citing *Caesars Riverboat Casino*, 336 S.W.3d at 57). "First, a court must look to see if the cause of action arises from the type of conduct or activity that is enumerated in the [Kentucky long-arm] statute itself." *Id.* If there is jurisdiction under the long-arm statute, "then the court must assess whether 'exercising personal jurisdiction over the non-resident defendant offends his federal due process rights.'" *Id.*

### 1. Long-Arm Statute

The Kentucky long-arm statute provides nine categories of conduct which may subject a defendant to personal jurisdiction in a Kentucky court.[2]  Ky. Rev. Stat. Ann. § 454.210. A person is subject to the Kentucky long-arm statute whether he "acts directly or by an agent." Ky. Rev. Stat. Ann. § 454.210(2)(a). The plaintiff's claims must also "arise from" the enumerated conduct in order for personal jurisdiction to lie. *Id.* at § 454.210(2)(b). "A claim 'arises from' certain conduct when there is a 'reasonable and direct nexus' between the conduct causing injury and the defendant's activities in the

---

[2]     Sig Sauer qualifies as "nonresident" under the statute as it is a "business or corporation which does not have the home office or principal place of business in the State of Kentucky." Ky. Rev. Stat. Ann. § 454.260(4); *see supra* note 1.

4

state." *Holbrook v. Mazda Motor Corp.*, 6:17-cv-244-DCR, 2018 WL 1571905, at *2 (E.D. Ky. Mar. 30, 2018) (citing *Caesars Riverboat Casino,* 336 S.W.3d at 57). Courts "ultimately have to depend upon a common sense analysis, giving the benefit of the doubt in favor of jurisdiction," when determining whether the plaintiff's claims arise from the defendant's actions. *Caesars Riverboat Casino,* 336 S.W.3d at 59.

Williams argues three subsections of KRS § 454.210 are applicable to the facts at hand. (Doc. # 31 at 1). First, Williams asserts that because Sig Sauer's guns are sold throughout Kentucky and it has a designated local agent for process that, under subsection (2)(a)(1), it "transact[s] . . . business in this Commonwealth," and that jurisdiction exists. (*Id.*).

There is no agreed-upon interpretation of what it means to "transact any business" in Kentucky under the long-arm statute. *See Hall*, 359 F. Supp. 3d at 505–06 (collecting cases). Read most liberally, even the slightest business transaction such as sending emails to a Kentucky resident is sufficient to exercise long-arm jurisdiction over a defendant. *Id.* at 506 (a defendant corporation transacted business in Kentucky when it "sent emails to a Kentucky resident, knowing he was in Kentucky, and asked him to 'send samples and instructions for his products, which [plaintiff] fulfilled from Kentucky.'") (quoting *Eat More Wings, LLC v. Home Mkt. Foods, Inc.*, 282 F. Supp. 3d 965, 970 (E.D. Ky. 2017))).

Even though Williams has not proven that Sig Sauer has transacted any business within Kentucky, this Court will assume that Sig Sauer does transact with distributors to sell its guns in Kentucky, for the sake of argument. *(See* Doc. # 1 ¶ 4). Even then, Williams' injury does not "arise from" those transactions because Sig Sauer originally sold

5

his P320 to a distributor in Ohio, not Kentucky, and his injury occurred in North Carolina. (Docs. # 25-1 ¶ 6 and 1 ¶ 5). In fact, Williams does not dispute at all Defendant's assertion that he purchased the P320 in Ohio. (*See generally* Doc. # 31).

There is no "reasonable and direct nexus between the wrongful acts alleged in the complaint and the statutory predicate for long-arm jurisdiction . . . ." *Caesar's Riverboat Casino*, 336 S.W.3d at 59. Williams has alleged *no* connection between Kentucky and his injury other than Sig Sauer's worldwide sales and his continued suffering in the state. (Doc. # 1 ¶¶ 4, 9-10). Moreover, Williams has failed to "by affidavit, or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458.

Next, Williams asserts that under KRS § 454.210(2)(a)(4) jurisdiction is proper. (Doc. # 31 at 2). That subsection allows jurisdiction in situations in which a tortious injury is caused in Kentucky by an act or omission outside of Kentucky, if the party "does or solicits business," or "derives substantial revenue" from goods used or services rendered in Kentucky. Ky. Rev. Stat. Ann. § 454.210(2)(a)(4). Williams alleges that because, as set forth in the Complaint, Sig Sauer "does or solicits business and derives substantial revenue within Kentucky," jurisdiction is proper. (Doc. # 31 at 2). Yet, Williams offers no citations nor evidence that Sig Sauer does either. Moreover, subsection (2)(a)(4) also includes, "[c]ausing tortious injury *in this Commonwealth*," which makes Williams' injury, that took place in North Carolina, an inapplicable basis for jurisdiction under this subsection. (Doc. # 1 ¶ 5); Ky. Rev. Stat. Ann. § 454.210(2)(a)(4) (emphasis added); *see Caesars Riverboat Casino*, 336 S.W.3d at 57–58; *see also Doe v. Griffin*, No. 2:19-cv-126, 2020 WL 1816139, at *4 (E.D. Ky. Apr. 9, 2020) (collecting cases); *Auto Channel, Inc. v. Speedvision Network, LLC*, 995 F. Supp. 761, 765 (W.D. Ky. 1997) ("Even if there

6

were facts sufficient to support the inference that Defendants conducted or solicited business in Kentucky . . . Plaintiffs must show that their injuries 'arose out of' these activities, as required by K.R.S. 454.210(a)(4).").

Likewise, subsection (2)(a)(5) presents the same issue for Williams as it also includes "[c]ausing injury *in this Commonwealth* to any person by breach of warranty . . . ." Ky. Rev. Stat. Ann. § 454.210(2)(a)(5) ("Causing injury *in this Commonwealth* . . . .") (emphasis added). Because Williams has clearly alleged that his injury occurred in North Carolina, neither subsection (2)(a)(4) nor (2)(a)(5) can support his claim for personal jurisdiction over Sig Sauer. (Doc. # 1 ¶ 5). Consequently, Williams' claims cannot "arise from" Sig Sauer's conduct related to these two subsections as they are inapplicable to his injury. Importantly, Williams fails to support his assertions with *any* affirmative evidence as to each subsection, instead he relies on the allegations set forth in the Complaint, which are insufficient alone. *See Parker*, 938 F.2d at 839–40; (Doc. # 31 at 2).

Accordingly, as the Court does not have personal jurisdiction over Sig Sauer, its Motion to Dismiss will be **granted**.

## III.   CONCLUSION

Because Plaintiff has not adequately demonstrated that personal jurisdiction over Defendant Sig Sauer is proper, and for the reasons set forth herein,

**IT IS ORDERED** that:

(1)   Defendant Sig Sauer's Motion to Dismiss (Doc. # 25) is **GRANTED**;

(2)   Plaintiff Williams' Complaint (Doc. # 1) is **DISMISSED** and this matter is stricken from the Court's active docket; and

(3)   An accompanying Judgment shall be entered contemporaneously herewith.

This 9th day of March, 2022.



**Signed By:**

**_David L. Bunning_** $\mathcal{DB}$

**United States District Judge**

K:\DATA\ORDERS\Cov2020\20-78 MOO re MTD.docx