IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No. 4:22- CV-48 D

| | |
|---|---|
| JACK ANTHONY WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SIG SAUER, INC. AND WINTRODE ) <br> ENTERPRISES, INC., ) <br> ) <br> Defendants. ) <br> ) <br> ) | **OBJECTION ANDTO SUBPOENA *DUCES TECUM* AND NOTICE OF DEPOSITION** |

Plaintiff Jack Anthony Williams, by and through the undersigned counsel, and hereby objects on Plaintiff's behalf and on behalf of his designated expert witness, Col. Tony Dill, (USA Ret.) to certain recent actions of Defendant Sig Sauer, Inc., taken with reference to a deposition of Col. Tony Dill (a person designated by Plaintiff as a testifying expert witness on Plaintiff's behalf), and would show unto the Court the following:

1. This matter is a personal injury, products liability claim arising from the uncommanded discharge of a Sig Sauer P320 firearm which injured Plaintiff Jack A. Williams in May, 2019.

2. This civil action is one of many actions identifying significant design defects in the Sig Sauer P320 firearm, inclusive of its ability to fire without a commanded discharge by the user.

3. On June 7, 2024, in strict compliance with the Court's scheduling order and the parties' written agreements for applicable discovery deadlines, Plaintiff designated

Col. Tony Dill as a rebuttal witness on his behalf to address issues raised in Defendant Sig Sauer's expert designation of Derek Watkins.

4. After multiple communications between counsel through the date of July 8, 2024, Sig Sauer – with full knowledge and notice that neither Plaintiff's counsel nor Col. Dill were available for depositions on July 10, 2024 – unilaterally and arbitrarily -- noticed on July 8, 2024 the deposition of Col. Tony Dill for 10:00 a.m. EST on July 10, 2024, with said deposition to occur in Raleigh, North Carolina at the offices of Ellis & Winters, LLP.

5. The notice of deposition of Col. Dill was made *after* multiple notices to counsel for Sig Sauer, Inc. that neither Col. Dill nor counsel for Plaintiff were available for additional depositions on July 10, 2024. Defendant had had previously noticed the deposition of Plaintiff's expert witness Tim Whealton on July 11, 2024, and Joshua Harrison (in Orange County, California) on July 8, 2024, in addition to fact witness Jen Quesenbery on July 9, 2024.

6. In connection with the unilateral notice of deposition of Col. Dill, Sig Sauer's counsel abused the process of this Court by issuing a subpoena *duces tecum* on July 8, 2024 (served by electronic mail at 10:36 P.M.) after Plaintiff's counsel was known to have boarded a flight to return to North Carolina after the Joshua Harrison deposition was completed at approximately 7:00 pm PCT on July 8, 2024.

7. The subpoena issued by counsel for Sig Sauer, Inc. in *pro hac vice* admission status to practice before this Court, constitutes a flagrant abuse of process by its counsel and is objected to by Plaintiff's counsel on the following grounds.

8. Federal Rule of Civil Procedure 45(c) PLACE OF COMPLIANCE provides that

2

Case 4:22-cv-00048-D    Document 91    Filed 07/09/24    Page 2 of 6

(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.
(2) For Other Discovery. A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of
   where the person resides, is employed, or regularly transacts business in person; …

9. The proposed deponent and subpoena recipient resides approximately 387 miles from the location of the proposed deposition in Raleigh, North Carolina. He is a resident of the State of Georgia. The subpoena recipient is employed at ESI at 430 Technology Parkway, Peachtree Corner, Georgia, a location which is also more than 380 miles from the proposed deposition.

10. Federal Rule of Civil Procedure 45 (d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT, provides as follows.

    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

11. Sig Sauer's counsel failed to consider – even remotely – the hardship imposed on the proposed witness who was given lass than 48 hours for compliance, irrespective of his other professional responsibilities.

12. Federal Rule of Civil Procedure 45(d)(3) Quashing or Modifying a Subpoena provides as follows:.

    (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

3

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

13. It is difficult to imagine how a subpoena *duces tecum* served upon a retained expert witness less than 48 hours before a unilaterally noticed deposition would be more improper, unreasonable in time or distance compliance, or in imposing an undue burden than the actions taken by Defendant Sig Sauer, Inc., with regard to Col. Tony Dill.

14. Accordingly, Plaintiff Jack Anthony Williams, for himself and for his designated expert witness, Col. Tony Dill, respectfully requests this Court to sustain his objections to the subpoena *duces tecum* served by Sig Sauer, Inc. on July 8, 2024, to excuse his attendance from any deposition in this cause, to quash the subpoena served upon him, and to impose a reasonable attorney's fee as a sanction upon the attorney abusing the process of this Court in violation of Federal Rule of Civil Procedure 45, together with such other and further relief as this Court may deem proper.

This the 9th day July, 2024.

BY: */s/ J. Lawson Hester*
J. LAWSON HESTER Bar No. 57754
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: 919-828-5100
Fax: 919-828-2277
Email: lhester@cshlaw.com
*Attorney for Plaintiff*

4

**CERTIFICATE OF SERVICE**

   This is to certify that the undersigned has this day served the attached Objection and Motion to Quash on all of the parties to this cause by depositing a copy, postage prepaid, in the United States Mail, addressed to the attorney for each party as follows:

Ashely K. Brathwaite
Ellis & Winters, LLP
4331 Paklake Ave, Ste 400
Raleigh, NC 27612
(919) 573-1297
Ashley.brathwaite@elliswinters.com

Kristen E. Dennison
Ericka Esposito
Littleton Joyce Ughetta & Kelly, LLP
201 King of Prussia Road, Ste 200
Radnor, PA 19087
(646) 708-4844
*Attorneys for Defendant Sig Sauer, Inc.*

David Fothergill
McAngus Goudelock &Courie
1001 Military Cutoff Road, Ste 310
Wilmington, NC 28405
(910) 726-1611
*Attorneys for Defendant Wintrode Enterprises*

This the 9th day July, 2024.

                        **CRANFILL SUMNER LLP**

            BY: */s/ J. Lawson Hester*
                  J. LAWSON HESTER Bar No. 57754
                  Post Office Box 27808
                  Raleigh, North Carolina 27611-7808
                  Telephone: 919-828-5100
                  Fax: 919-828-2277
                  Email: lhester@cshlaw.com
                  *Attorney for Plaintiff*