IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-00048-D

**Jack Anthony Williams**,

           Plaintiff,

v.

**Sig Sauer Inc. & Wintrode Enterprises, Inc.**,

           Defendants.

**Order**

    Plaintiff Jack Anthony Williams claims he suffered life-altering injuries when his Sig Sauer handgun unexpectedly went off and fired a bullet into his leg. During discovery, Sig Sauer conducted a remote deposition of Williams's wife, Ashley Saylor. Saylor, however, refused to answer some of Sig Sauer's questions based on spousal privilege.

    The gun manufacturer now asks this court to overrule Saylor's claim of spousal privilege and require her to sit for a second deposition. But this court lacks the ability to grant that relief. Saylor is a non-party and her deposition did not take place in the Eastern District of North Carolina. So the Federal Rules require that any order related to her testimony be issued by the court with jurisdiction over the place where she testified. Thus Sig Sauer's motion is denied.

## I.    Background

    In 2019, while he sat on a parked motorcycle in New Bern, North Carolina, Williams's Sig Sauer P320 unexpectedly fired a bullet into his leg, causing extensive damage. Am. Compl. ¶¶ 3, 4. Three years later, he sued Sig Sauer and Wintrode Enterprises, Inc., the manufacturer of his gun's holster, to recover for his injuries. *Id.* ¶ 6.

Sig Sauer eventually noticed the deposition of Ashley Saylor, Williams's wife. The deposition occurred by video, with Saylor answering questions from Kentucky. During the deposition, Williams's attorney objected to some of Sig Sauer's questions on the basis of spousal privilege. Saylor also declined to answer certain questions on that basis. *Id.*

After her deposition concluded, Sig Sauer asked this court to overrule Saylor's privilege claim and require her to sit for a second deposition. D.E. 96.

**II.     Discussion**

The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The Rules provide several tools, including depositions, to obtain discovery from other parties. *Id.* 30. The Rules also allow a party to ask the court to compel a deponent to answer a deposition question that the deponent has failed to answer. Fed. R. Civ. P. 37(a)(3)(B)(i).

The party resisting or objecting to discovery "bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc.* v. *Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id.*

Sig Sauer argues that the privilege claim raised by Williams and Saylor is baseless. It claims that neither North Carolina's spousal testimonial privilege nor its marital communications privilege applies to the information it sought from Saylor. Williams disagrees and offers several arguments about why the court should deny Sig Sauer's motion.

But the court need only address one of Williams's arguments—that Sig Sauer filed its motion in the wrong court—to resolve this motion. The Federal Rules require that a motion to compel seeking "an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). And for the purpose of a motion to compel, when a deposition is taken by remote means, "the deposition takes place where the deponent answers the questions." Fed. R. Civ. P. 30(b)(4).

Saylor is a non-party and her deposition occurred remotely. So Sig Sauer needed to file its motion in the court with jurisdiction over the place where Saylor answered its questions.[1]

The record establishes that Saylor testified from Kentucky. Saylor Dep. Tr. at 6:5–7, D.E. 112–1. Thus a federal court in Kentucky, not a federal court in North Carolina, must address Sig Sauer's motion.[2] *See 4R4 Sons, LLC*, v. *Tru G. Wilhelm, Inc.*, No. 2:21-CV-01081, 2022 WL 2905468, at *3 (D. Nev. July 22, 2022); *Int'l Game Tech* v. *Ill. Nat'l Ins.*, No. 2:16-CV-02792, 2017 U.S. Dist. LEXIS 227932, at *6–7 (D. Nev. Oct. 31, 2017). As a result, this court denies Sig Sauer's motion without prejudice.

### III.   Conclusion

As discussed, the court denies Sig Sauer's motion to compel without prejudice. D.E. 96.

Under the Federal Rules, Williams is entitled to recover the reasonable expenses, including attorney's fees, that he incurred in opposing this motion unless Sig Sauer's "motion was

---

[1] Williams's response focused on Saylor's place of residence, but the appropriate focus is where she answered Sig Sauer's deposition questions.

[2] In light of this conclusion, the court does not address the rest of Sig Sauer's arguments.

substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

If Williams wishes to recover those expenses, he must meet and confer with Sig Sauer's counsel no later than 7 days after entry of this order about the expenses he wishes to recover. If the parties cannot reach an agreement, Williams must move for an award of his expenses no later than 14 days after entry of this motion. His motion should include all the information required by Fourth Circuit precedent for the court to assess his request. Sig Sauer's response may discuss why the exceptions provided in Rule 37(a)(5)(B) apply here.

Dated: August 23, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge