IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-48-D

| | |
|---|---|
| JACK ANTHONY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SIG SAUER, INC., and ) | |
| WINTRODE ENTERPRISES, INC., ) | |
| ) | |
| Defendants. ) | |

On July 22, 2022, Jack Anthony Williams ("Williams" or "plaintiff") filed an amended complaint against Sig Sauer, Inc. ("Sig Sauer") and Wintrode Enterprises, Inc. ("Wintrode" or "defendant"). See Am. Compl. [D.E. 16]. Williams's claims arise out of the discharge of a Sig Sauer P320 firearm. See id. at ¶¶ 1–6. When the firearm discharged, Williams had the firearm in a Wintrode holster in his right back pocket, and Williams was sitting on his motorcycle. See id. at ¶ 3. Williams asserted the following claims under North Carolina law against Wintrode: (1) design defect under N.C. Gen. Stat § 99B-6 (count two); (2) defective warning under N.C. Gen. Stat § 99B-5 (count four); (3) negligence/gross negligence (count five); (4) negligent misrepresentation (count ten); (5) unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 (count twelve); and (6) punitive damages (count fifteen). See id. at ¶¶ 131–50, 165–81, 239–47, 257–63, 277–81.

On October 16, 2024, Williams and Wintrode stipulated to the dismissal of Williams's claims against Wintrode for unfair and deceptive trade practices (count twelve) and punitive

damages (count fifteen). See [D.E. 117]. Thus, those claims against Wintrode are no longer in the case.

On October 17, 2024, Wintrode moved for summary judgment on Williams's remaining claims [D.E. 118] and filed a memorandum in support [D.E. 119], a statement of undisputed material facts [D.E. 120], and an appendix to the statement of material facts [D.E. 121, 122, 123].

On December 23, 2024, Williams responded in opposition [D.E. 146]. In Williams's response, Williams states that "discovery has established that the causal defects resulting in [p]laintiff's harm are the responsibility of Sig Sauer, Inc. and its dangerous design of the P320 firearm." Id. at 6. Moreover, "[p]laintiff's experts, after the benefit of discovery, have determined that the fault rests upon Defendant Sig Sauer, Inc., and have abandoned their opinions against Wintrode." Id. at 7. "[N]one of [p]laintiff's experts intend to opine negatively against Wintrode at trial." Id.

Williams did not respond in opposition to Wintrode's statement of undisputed material facts in support of its motion for summary judgment. Compare [D.E. 146], with [D.E. 120]. Under Local Civil Rule 56.1(a)(2), "[e]ach numbered paragraph in the movant's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." See Williamson v. Bridgestone Ams., Inc., 625 F. Supp. 3d 466, 470 (E.D.N.C. 2022); Felton v. Moneysworth Linen Serv., Inc., 295 F. Supp. 3d 595, 597 n.1 (E.D.N.C. 2018); Howard v. Coll. of the Albemarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (4th Cir. 2017) (per curiam) (unpublished).

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment

as a matter of law. See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 378, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Harris, 550 U.S. at 378.

A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. See Anderson, 477 U.S. at 249. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position" does not suffice. Id. at 252; see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."). Only factual disputes that affect the outcome under substantive law properly preclude summary judgment. See Anderson, 477 U.S. at 248.

The court accepts as true for purposes of Wintrode's motion for summary judgment the numbered paragraphs in Wintrode's statement of undisputed material facts. See [D.E. 120]. In light of those undisputed facts and Williams's admissions in his response in opposition, the court grants Wintrode's motion for summary judgment for the reasons stated in its memorandum of law.

3

See [D.E. 119]. Thus, the court dismisses Williams's claims in count two, count four, count five, and count ten against Wintrode.

Williams next asserts the court should dismiss Sig Sauer's crossclaim against Wintrode. Williams lacks standing to assert Wintrode's alleged interest concerning Sig Sauer's crossclaim against Wintrode for indemnity and contribution. See Warth v. Seldin, 422 U.S. 490, 499 (1975); cf. [D.E. 146] 7–8.

In sum, the court GRANTS defendant Wintrode Enterprises, Inc.'s motion for summary judgment [D.E. 118] and DISMISSES WITH PREJUDICE plaintiff's claims against defendant Wintrode Enterprises, Inc.

SO ORDERED. This 13 day of August, 2025.

JAMES C. DEVER III
United States District Judge

4

Case 4:22-cv-00048-D    Document 158    Filed 08/13/25    Page 4 of 4